UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

Magistrate No. 19-7085-JCB

UNITED STATES OF AMERICA

v.

MATTHEW HAVILAND

**ORDER ON GOVERNMENT'S MOTION FOR DETENTION**

July 19, 2019

Boal, M.J.

Defendant Matthew Haviland is charged in a complaint with cyberstalking in violation of 18 U.S.C. § 2261A(2) and transmitting a threat in interstate commerce in violation of 18 U.S.C. § 875(c). An initial appearance was held on April 24, 2019, at which time the government moved for detention pursuant to 18 U.S.C. § 3142(f)(1)(A) (crime of violence), 18 U.S.C. § 3142(f)(2)(A) (risk of flight), and 18 U.S.C. § 3142(f)(2)(B) (risk of obstruction of justice).

The defendant originally consented to voluntary detention without prejudice. Subsequently, he requested a detention hearing. This Court held a detention hearing on July 16, 2019. The parties proceeded by proffer. The defendant had filed an expert report in support of his request for release. The government submitted five exhibits into evidence. The Court considered the parties' submissions, their arguments, and a Pretrial Services Report recommending detention. After careful consideration of the parties' arguments and for the following reasons, this Court orders the defendant detained pending trial.

I.      **ANALYSIS**

   A.      <u>**The Bail Reform Act**</u>

Under the Bail Reform Act, a defendant may only be detained pending trial if the government establishes either by clear and convincing evidence that the person poses "a danger to the safety of any other person or the community if released," or by a preponderance of the evidence that the person poses a serious risk of flight. 18 U.S.C. § 3142(f); <u>United States v. Patriarca</u>, 948 F.2d 789, 791-93 (1st Cir. 1991). If there is some risk, the Court should consider whether a combination of release conditions "will serve as a reasonable guard." <u>Id</u>. at 791.

In determining whether suitable release conditions exist, the judicial officer must take into account the following: (1) the nature and circumstances of the offense charged; (2) the weight of the evidence against the person; (3) the history and characteristics of the accused, including family ties, employment and other factors; and (4) the nature and seriousness of the danger posed by the person's release. 18 U.S.C. § 3142(g). Each of these factors must be weighed, and the decision on whether to release is an individualized one. <u>Patriarca</u>, 948 F.2d at 794.

The government bears the burden of persuasion to establish that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community. <u>United States v. Dillon</u>, 938 F.2d 1412, 1416 (1st Cir. 1991).

   B.      <u>**Nature Of The Offense; Weight Of The Evidence**</u>

Haviland is alleged to have sent approximately 28 email messages to Victim 1 beginning on or about March 10, 2019. Those messages contained graphic threats of violence and references to abortion. During a two-hour period on March 15, 2019, Haviland is also alleged to

2

have sent 11 similar emails to an educational institution. In addition, the government alleges that on April 4 and 5, 2019, Haviland left over 100 voice mail messages at an abortion clinic. Most of the messages were aggressive and threatening. The last approximately 20 messages were apologetic. Both types of messages were played at the detention hearing. They were quite alarming. Finally, the government alleges that Haviland sent a series of threatening and disturbing messages to two individuals as well as posted disturbing and threatening content to YouTube and Medium.com.

      C.      **Defendant's History And Characteristics**

Haviland, age 29, was born in New Jersey. In 2012, he graduated from college, receiving a Bachelor of Arts degree in writing, literature, and publishing. In 2017, he enrolled in law school but dropped out almost immediately.

Haviland has worked as a junior web developer and business analyst as well as in retail. Since January 2019, he has been unemployed.

From the expert report, it appears that Haviland has a history of untreated mental health issues, which appear to have contributed to the alleged offenses in this case. He reports daily cannabis use since November 2018, which appears to have exacerbated his mental health issues.

Haviland has no prior criminal history.

      D.      **Risk Of Flight**

Haviland has lived with his mother in Rhode Island since January 2017. Prior to that, he lived in Irving, California for approximately three months. He lived with his mother in New Jersey until they moved to Rhode Island shortly before he began college in Boston in 2008. Between 2008 and 2012, Haviland lived in Boston during the school year and with family members in New Jersey and Rhode Island during the summers.

Haviland's father lives in Florida. Haviland has never been married and has no children.

Haviland has an expired U.S. passport. He last traveled outside of the United States on a cruise when he was young.

### E. Dangerousness

Although Haviland has no prior criminal history or history of violence, the offenses alleged in this case are crimes of violence. See United States v. Harrison, 354 F. Supp. 3d 270, 278 (W.D.N.Y. 2018) ("[C]yberstalking in violation of 18 U.S.C. § 2261A(2) categorically involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense, so that pretrial detention is available pursuant to 18 U.S.C. § 3142(f)(1)(A) to address pretrial dangers posed by release of a defendant pending trial.").

### F. Proposed Conditions Of Release

Haviland proposed to be released on conditions that include: (1) home confinement at his mother's residence; (2) electronic monitoring; (3) no access to the internet unless approved by Pretrial Services; (4) no contact with any alleged victims or potential witnesses; and (5) mental health treatment.

### G. Assessment Of All Factors

After carefully evaluating the evidence in light of the criteria for detention set forth in 18 U.S.C. § 3142, the Court determines that the government has met its burden regarding detention. The defendant's own expert has opined that given his mental health issues, Haviland poses a moderate risk of targeted and affective violence. The expert does state that in his opinion, the risk can be mitigated by certain release conditions, including mental health treatment. While Haviland does need mental health treatment, the proposed conditions do not adequately mitigate

the risks posed by release given Haviland's recent history of escalation of maladaptive behaviors in the community.  In particular, this Court notes that Haviland proposes to be released to his mother's home, where he has previously reported feeling "suffocated" and "trapped."  Accordingly, this Court finds that at this time, no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of the community.

## **ORDER OF DETENTION**

In accordance with this memorandum, it is ORDERED that the defendant be DETAINED pending trial, and is further ORDERED that:

(1) Matthew Haviland be committed to the custody of the Attorney General for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal;

(2) Matthew Haviland be afforded reasonable opportunity for private consultation with counsel; and

(3) on order of a court of the United States or on request of an attorney for the government, the person in charge of the corrections facility in which Matthew Haviland is detained and confined deliver him to an authorized Deputy United States Marshal for the purpose of any appearance in connection with a court proceeding.

RIGHT OF APPEAL

THE PERSON OR PERSONS DETAINED BY THIS ORDER MAY FILE A MOTION FOR REVOCATION OR AMENDMENT OF THE ORDER PURSUANT TO 18 U.S.C. § 3145(b).

    /s/ Jennifer C. Boal
JENNIFER C. BOAL
United States Magistrate Judge