AO 245B (Rev. 02/18) Judgment in a Criminal Case
Sheet 1

# UNITED STATES DISTRICT COURT

## District of Massachusetts

| UNITED STATES OF AMERICA | ) | JUDGMENT IN A CRIMINAL CASE |
|---|---|---|
| v. | ) | |
| Matthew Haviland | ) | Case Number: **1 19 cr 10312 - 1 - LTS** |
| | ) | USM Number: 01518-138 |
| | ) | Ian Gold |
| | ) | Defendant's Attorney |

**THE DEFENDANT:**

☑ pleaded guilty to count(s)  1, 2-3

☐ pleaded nolo contendere to count(s)
which was accepted by the court.

☐ was found guilty on count(s)
after a plea of not guilty.

The defendant is adjudicated guilty of these offenses:

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 18 U.S.C. § 2261A(2) | Stalking | 03/10/19 | 1 |
| 18 U.S.C. § 875(c) | Use of Interstate and Foreign Commerce to Transmit a Threat to Injure Another Person | 03/16/19 | 2, 3 |

The defendant is sentenced as provided in pages 2 through __6__ of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s)

☐ Count(s) ☐ is ☐ are dismissed on the motion of the United States.

It is ordered that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

8/5/2020
Date of Imposition of Judgment

*Leo T. Sorokin*
Signature of Judge

The Honorable Leo T. Sorokin
Judge, U.S. District Court
Name and Title of Judge

8/6/2020
Date

AO 245B (Rev.02/18)  Judgment in Criminal Case
Sheet 2 — Imprisonment

Judgment — Page __2__ of __6__

DEFENDANT: Matthew Haviland
CASE NUMBER: 1  19 cr  10312  - 1  - LTS

## IMPRISONMENT

The defendant is hereby committed to the custody of the Federal Bureau of Prisons to be imprisoned for a total term of: 21 month(s)

This term consists of terms of 21 months on Counts 1-3, such terms to run concurrently

☑ The court makes the following recommendations to the Bureau of Prisons:

The defendant participate in substance abuse treatment while in Bureau of Prisons' custody.
The defendant participate in psychological care for his mental health needs.

☑ The defendant is remanded to the custody of the United States Marshal.

☐ The defendant shall surrender to the United States Marshal for this district:

  ☐ at _____ ☐ a.m. ☐ p.m. on _____.

  ☐ as notified by the United States Marshal.

☐ The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

  ☐ before 2 p.m. on _____.

  ☐ as notified by the United States Marshal.

  ☐ as notified by the Probation or Pretrial Services Office.

## RETURN

I have executed this judgment as follows:

Defendant delivered on _____ to _____

a _____ , with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

By _____
DEPUTY UNITED STATES MARSHAL

AO 245B (Rev. 02/18) Judgment in a Criminal Case
Sheet 3 — Supervised Release

Judgment—Page 3 of 6

DEFENDANT: Matthew Haviland
CASE NUMBER: 1 19 cr 10312 - 1 - LTS

## SUPERVISED RELEASE

Upon release from imprisonment, you will be on supervised release for a term of : 3 year(s)

This term consists of terms of 3 years on Counts 1-3, to be served concurrently

## MANDATORY CONDITIONS

1. You must not commit another federal, state or local crime.
2. You must not unlawfully possess a controlled substance.
3. You must refrain from any unlawful use of a controlled substance. You must submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.
   ☐ The above drug testing condition is suspended, based on the court's determination that you pose a low risk of future substance abuse. *(check if applicable)*
4. ☒ You must cooperate in the collection of DNA as directed by the probation officer. *(check if applicable)*
5. ☐ You must comply with the requirements of the Sex Offender Registration and Notification Act (34 U.S.C. § 20901, *et seq*.) as directed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in the location where you reside, work, are a student, or were convicted of a qualifying offense. *(check if applicable)*
6. ☐ You must participate in an approved program for domestic violence. *(check if applicable)*

You must comply with the standard conditions that have been adopted by this court as well as with any other conditions on the attached page.

AO 245B (Rev. 02/18)   Judgment in a Criminal Case
        Sheet 3A — Supervised Release

Judgment—Page **4** of **6**

DEFENDANT: Matthew Haviland
CASE NUMBER: 1 19 cr 10312 - 1 - LTS

# STANDARD CONDITIONS OF SUPERVISION

As part of your supervised release, you must comply with the following standard conditions of supervision. These conditions are imposed because they establish the basic expectations for your behavior while on supervision and identify the minimum tools needed by probation officers to keep informed, report to the court about, and bring about improvements in your conduct and condition.

1. You must report to the probation office in the federal judicial district where you are authorized to reside within 72 hours of your release from imprisonment, unless the probation officer instructs you to report to a different probation office or within a different time frame.
2. After initially reporting to the probation office, you will receive instructions from the court or the probation officer about how and when you must report to the probation officer, and you must report to the probation officer as instructed.
3. You must not knowingly leave the federal judicial district where you are authorized to reside without first getting permission from the court or the probation officer.
4. You must answer truthfully the questions asked by your probation officer.
5. You must live at a place approved by the probation officer. If you plan to change where you live or anything about your living arrangements (such as the people you live with), you must notify the probation officer at least 10 days before the change. If notifying the probation officer in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
6. You must allow the probation officer to visit you at any time at your home or elsewhere, and you must permit the probation officer to take any items prohibited by the conditions of your supervision that he or she observes in plain view.
7. You must work full time (at least 30 hours per week) at a lawful type of employment, unless the probation officer excuses you from doing so. If you do not have full-time employment you must try to find full-time employment, unless the probation officer excuses you from doing so. If you plan to change where you work or anything about your work (such as your position or your job responsibilities), you must notify the probation officer at least 10 days before the change. If notifying the probation officer at least 10 days in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
8. You must not communicate or interact with someone you know is engaged in criminal activity. If you know someone has been convicted of a felony, you must not knowingly communicate or interact with that person without first getting the permission of the probation officer.
9. If you are arrested or questioned by a law enforcement officer, you must notify the probation officer within 72 hours.
10. You must not own, possess, or have access to a firearm, ammunition, destructive device, or dangerous weapon (i.e., anything that was designed, or was modified for, the specific purpose of causing bodily injury or death to another person such as nunchakus or tasers).
11. You must not act or make any agreement with a law enforcement agency to act as a confidential human source or informant without first getting the permission of the court.
12. If the probation officer determines that you pose a risk to another person (including an organization), the probation officer may require you to notify the person about the risk and you must comply with that instruction. The probation officer may contact the person and confirm that you have notified the person about the risk.
13. You must follow the instructions of the probation officer related to the conditions of supervision.

## U.S. Probation Office Use Only

A U.S. probation officer has instructed me on the conditions specified by the court and has provided me with a written copy of this judgment containing these conditions. For further information regarding these conditions, see *Overview of Probation and Supervised Release Conditions*, available at: www.uscourts.gov.

Defendant's Signature _____   Date _____

DEFENDANT: Matthew Haviland
CASE NUMBER: 1 19 cr 10312 - 1 - LTS

# ADDITIONAL STANDARD CONDITIONS OF SUPERVISION

1. You must not knowingly have any contact, direct or indirect, with the victims. You shall stay away from the victims and abortion clinics. You shall not knowingly contact, directly or indirectly, the clients, staff or medical providers of abortion clinics or the abortion clinics.

2. You must participate in a program for substance abuse counseling as directed by the Probation Office, which program may include testing, not to exceed 104 drug tests per year to determine whether you have reverted to the use of alcohol or drugs

3. You are prohibited from drinking alcohol.

4. You must participate in a mental health treatment program including inpatient or other residential treatment as directed by the Probation Office. You shall not miss any appointments or otherwise disregard the treatment requirements of the mental health treatment program, unless excused by your probation officer.

5. You must take all medications as directed by your mental health treatment provider.

6. You are prohibited from using existing internet accounts, creating new internet accounts or using the internet accounts of others without the prior permission of Probation. You are prohibited from using internet capable devices without the prior permission of Probation. You must permit Probation to install computer internet monitoring software on approved internet capable devices. You shall not attempt to remove or otherwise defeat such systems and you must allow Probation to examine internet capable devices and receive data from them at any reasonable time. You may use a computer or internet capable device for work purposes provided Probation has previously approved the use of the computer or device.

7. You shall not participate in video games that involve the killing or other violence to human beings or the representation of human beings.

8. You are to reside for a period of up to 6 months in a Residential Re-Entry Center in Rhode Island, or until a suitable residence is approved by probation, and must observe the rules of that facility. Residence in a treatment facility takes precedence over this condition.

9. You must advise anyone using the monitored internet capable devices that those devices are being monitored by the Probation Office.

10. You shall consent to share mental health information with probation.

11. You shall be required to contribute to the costs of evaluation, treatment, programming, and/or monitoring (see Special Condition # 2, 4, 6), based on the ability to pay or availability of third-party payment.

Judgment—Page 5 of 6

DEFENDANT: Matthew Haviland
CASE NUMBER: 1 19 cr 10312 - 1 - LTS

# SPECIAL CONDITIONS OF SUPERVISION

1. You must not knowingly have any contact, direct or indirect, with the victims. You shall stay away from the victims and abortion clinics. You shall not knowingly contact, directly or indirectly, the clients, staff or medical providers of abortion clinics or the abortion clinics.

2. You must participate in a program for substance abuse counseling as directed by the Probation Office, which program may include testing, not to exceed 104 drug tests per year to determine whether you have reverted to the use of alcohol or drugs

3. You are prohibited from drinking alcohol.

4. You must participate in a mental health treatment program including inpatient or other residential treatment as directed by the Probation Office. You shall not miss any appointments or otherwise disregard the treatment requirements of the mental health treatment program, unless excused by your probation officer.

5. You must take all medications as directed by your mental health treatment provider.

6. You are prohibited from using existing internet accounts, creating new internet accounts or using the internet accounts of others without the prior permission of Probation. You are prohibited from using internet capable devices without the prior permission of Probation. You must permit Probation to install computer internet monitoring software on approved internet capable devices. You shall not attempt to remove or otherwise defeat such systems and you must allow Probation to examine internet capable devices and receive data from them at any reasonable time. You may use a computer or internet capable device for work purposes provided Probation has previously approved the use of the computer or device.

7. You shall not participate in video games that involve the killing or other violence to human beings or the representation of human beings.

8. You are to reside for a period of up to 6 months in a Residential Re-Entry Center in Rhode Island, or until a suitable residence is approved by probation, and must observe the rules of that facility. Residence in a treatment facility takes precedence over this condition.

9. You must advise anyone using the monitored internet capable devices that those devices are being monitored by the Probation Office.

10. You shall consent to share mental health information with probation.

11. You shall be required to contribute to the costs of evaluation, treatment, programming, and/or monitoring (see Special Condition # 2, 4, 6), based on the ability to pay or availability of third-party payment.

AO 245B (Rev. 02/18)   Judgment in a Criminal Case
Sheet 5 — Criminal Monetary Penalties

Judgment — Page __6__ of __6__

DEFENDANT: Matthew Haviland
CASE NUMBER: 1  19 cr  10312  - 1    - LTS

# CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments on Sheet 6.

| | Assessment | JVTA Assessment* | Fine | Restitution |
|---|---|---|---|---|
| TOTALS | $ 300.00 | $ | $ | $ |

☐ The determination of restitution is deferred until _____. An *Amended Judgment in a Criminal Case (AO 245C)* will be entered after such determination.

☐ The defendant must make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

| Name of Payee | Total Loss** | Restitution Ordered | Priority or Percentage |
|---|---|---|---|
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| TOTALS | $ 0.00 | $ 0.00 | |

☐ Restitution amount ordered pursuant to plea agreement  $ _____

☐ The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

☐ The court determined that the defendant does not have the ability to pay interest and it is ordered that:

  ☐ the interest requirement is waived for the   ☐ fine   ☐ restitution.

  ☐ the interest requirement for the   ☐ fine   ☐ restitution is modified as follows:

* Justice for Victims of Trafficking Act of 2015, Pub. L. No. 114-22.
** Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.